UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MICHAEL PHELAN, as Assignee of
Physicians Choice laboratory Services,
LLC,

    Plaintiff,

v.

Case No: 8:17-cv-1691-T-17TGW

AMERICAN INSTITUTE OF
TOXICOLOGY, INC.,

    Defendant.

## ORDER

This cause comes before the Court pursuant to the motion to dismiss (Doc. No. 6) (the "**Motion to Dismiss**") filed by the Defendant, American Institute of Toxicology, Inc. (the "**Defendant**"), and the motion to remand (Doc. No. 13) (the "**Motion to Remand**") filed by the Plaintiff, Michael Phelan, as Assignee of Physicians Choice Laboratory Services, LLC (the "**Plaintiff**"). For the reasons set forth below, the Motion to Dismiss is **GRANTED IN PART AND DENIED IN PART**, and the Motion to Remand is **DENIED**.

I.    **Introduction**

The Court must decide whether a supplemental proceeding brought by an assignee for the benefit of creditors to recover money on behalf of the assignor's estate is a an independent civil action that is removable under 28 U.S.C. § 1441 and, if so, whether the case should be dismissed or transferred for improper venue. Because the Plaintiff is seeking to impose new liability against a new defendant based on a new legal theory, this case is not merely ancillary to the insolvency proceeding currently pending before the state court and, as a result, is removable under 28 U.S.C. § 1441. Moreover,

because forum selection clauses are enforceable in insolvency proceedings, and the parties clearly selected Texas as their forum of choice, the case will be transferred to the U.S. District Court for the Northern District of Texas.

II.     **Background**

On October 21, 2016, Physicians Choice Laboratory Services, LLC ("**Physicians Choice**") filed a petition for assignment for benefit of creditors under Chapter 727 of the Florida Statutes (the "**ABC**") in the Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough County, Florida (the "**Circuit Court**"). *See* (Doc. No. 1, at ¶ 5). The Plaintiff was designated as the assignee in the ABC. *Id.*

Prior to filing the ABC, on June 30, 2016, the Defendant purchased assets from Physicians Choice pursuant to an Asset Purchase Agreement (the "**APA**"). (Doc. No. 1, at ¶ 3). In addition, to help effectuate the APA, the parties contemporaneously entered into a Transition Services Agreement (the "**TSA**"), pursuant to which the Defendant agreed to purchase ongoing transition services from Physicians Choice. (Doc. No. 1, at ¶ 3).

The TSA contains choice of law and forum selection clauses stating that (1) the parties' rights and obligations shall be "governed, construed and enforced in accordance with the laws of the State of Texas," and (2) "[l]egal proceedings commenced by [Physicians Choice] or [Defendant] arising out of . . . [the TSA] shall be brought exclusively in the federal courts, or in the absence of federal jurisdiction, in state courts, in either case in the State of Texas." While the APA does not contain a forum selection clause, it similarly states that the parties' rights and obligations shall be "governed, construed and enforced in accordance with the laws of the State of Texas."

2

On June 12, 2017, the Plaintiff filed a complaint (Doc. No. 2) (the "**Complaint**") in the Circuit Court against the Defendant, asserting claims for breach of the TSA (Count I) and declaratory relief relating to the Plaintiff's right to certain amounts reserved by the Defendant for possible indemnity claims under the APA (Count II).

The Defendant removed the case to this Court on July 14, 2017, alleging diversity jurisdiction under 28 U.S.C. § 1332. (Doc. No. 1). After removing the case, the Defendant filed a Motion to Dismiss, arguing that the case should be dismissed for improper venue or, alternatively, transferred to the U.S. District Court for the Northern District of Texas pursuant to the forum selection clause contained in the TSA. (Doc. No. 6). The Plaintiff responded by filing the Motion to Remand, asserting that the case was not removable under 28 U.S.C. § 1441 and, due to the pendency of the ABC, must proceed in the Circuit Court. (Doc. No. 13). The Defendant responded to the Motion to Remand on September 4, 2017, and both motions are now ripe for consideration.

III. **Discussion**

As noted above, the Court must consider two issues: First, whether this case was removable pursuant to 28 U.S.C. § 1441, and if so, whether this case should be dismissed or transferred pursuant to the forum selection clause found in the TSA. The Court will consider each issue, in turn, below.

A. **Removal**

"Under 28 U.S.C. § 1441, *any civil action* . . . of which the district courts . . . have original jurisdiction, may be removed . . . to the district court of the United States for the district and division embracing the place where such action is pending." *Jackson-Platts v. Gen. Elec. Capital Corp.*, 727 F.3d 1127, 1134 (11th Cir 2013) (emphasis in original). Because the Eleventh Circuit has broadly construed the term "civil action," the removal

3

statute's "limitation to civil actions is not particularly important." *Id.* However, as the court noted in *Jackson-Platts*, the term "civil action" and, by extension, the scope of 28 U.S.C. § 1441, "is not without limit." *Id.* Rather, to be removable, a case must be an independent civil action that is "separate from, and not ancillary to, a suit in a state court." *Id.*

"Whether litigation is properly characterized as an independent civil action under § 1441 is essentially a matter of federal law." *Id.* "Under [the Eleventh Circuit's] settled precedent, actions are not ancillary and instead are independent civil actions when they are in effect suits involving a new party litigating the existence of a new liability." *Id.* Unsurprisingly, then, the *Jackson-Platts* court held that a post-judgment proceeding in which the plaintiff sought to impose new liability against new defendants based on a new legal theory was an independent civil action that was removable to district court. *Id.* at 1134-35. Here, like in *Jackson-Platts*, the Plaintiff seeks to impose new liability against a defendant that did not participate in the ABC based on a new theory of liability. As a result, the case is removable under 28 U.S.C. § 1441 and, because the Notice of Removal (Doc. No. 1) and the parties' joint notice specifying the citizenship of Physicians Choice (Doc. No. 24) demonstrate that diversity jurisdiction is appropriate under 28 U.S.C. § 1332,[1] the Motion to Remand is **DENIED**.

B.  **Dismissal or Transfer**

"[A] forum selection provision in a written contract is *prima facie* valid and enforceable unless the opposing party shows that enforcement would be unreasonable." *Manchester, Inc. v. Lye (In re Manchester, Inc.)*, 417 B.R. 377, 384 (Bankr. N.D. Tex.

---

[1] The Plaintiff and Physicians Choice are citizens of Florida, South Carolina, and North Carolina, and the Defendant is a citizen of Indiana and Texas. *See* (Doc. No. 1 & 24). The amount in controversy unquestionably exceeds $75,000. *See* (Doc. No. 2, at 21) (alleging $248,286.27 in damages).

2009) (internal quotations omitted). "Unreasonableness exists where: (1) the agreement to the forum selection clause involved fraud or overreaching; (2) the complaining party will be effectively deprived of its day in court because of the grave inconvenience or unfairness of the selected forum; (3) the fundamental unfairness of the chosen law may deprive the plaintiff of a remedy; or (4) the enforcement would contravene a strong public policy of the forum in which the plaintiff has brought suit." *Id.* "The burden of showing that trial in the selected forum would be inherently unfair is placed on the party bringing suit in a forum other than the one designated in the forum selection clause." *Id.*

"Assuming jurisdiction is otherwise proper, forum selection clauses are as enforceable in bankruptcy courts[2] as they are in other federal courts." *In re Pen-Mont Benefit Servs., Inc.*, 2013 WL 6405046, at *11 (Bankr. M.D. Fla. Dec. 6, 2013); *see also In re Manchester*, 417 B.R. at 384 ("Within a bankruptcy context, the mere fact that [a party] is in bankruptcy is not sufficient to prevent enforcement of a contractual forum selection clause." (internal quotations omitted)). The same holds true for arbitration clauses and, as a result, courts view motions to enforce forum selection clauses as "analytically indistinguishable" from motions to stay actions pending arbitration. *Id.* (internal quotations omitted). Importantly, not only do federal courts demonstrate a strong preference for enforcing arbitration clauses, *see Matthews v. Ultimate Sports Bar, LLC*, 2015 WL 4430629, at *1 (11th Cir. July 21, 2015), but so too do Florida courts; even in ABC proceedings. *See Akin Bay*, 180 So. 3d at 1183 (enforcing a mandatory arbitration

---

[2] Because "Florida's [so-called ABC] statute is intended as an economical and efficient alternative to the Federal Bankruptcy [Code]," Florida courts look to federal bankruptcy law for guidance in interpreting the assignment for benefit of creditors statute. *Akin Bay Co. v. Von Kahle*, 180 So. 3d 1180, 1184 n.4 (Fla. 3d DCA 2015)

5

clause in an ABC proceeding "despite the fact that [the assignor] was not a signatory to the agreement."). In light of the foregoing, the Court is satisfied that the forum selection clause in the TSA should be treated the same in this case as it would in any other Florida or federal case, i.e. deemed "*prima facie* valid and enforceable unless the opposing party shows that enforcement would be unreasonable." See *In re Manchester*, 417 B.R. at 384.

Here, there is no argument that the forum selection clause in the TSA was obtained as a result of fraud or overreaching, that the Plaintiff would be deprived of his day in court if this case were transferred to the Northern District of Texas, or that Texas law would deprive the Plaintiff of his remedy. Even more importantly, public policy favors honoring the parties' forum selection clause and transferring the case to Texas. This case is an independent action that, absent the ABC proceeding, likely could not have been brought in the Circuit Court. See (Complaint, at ¶ 9) (failing to allege well-pleaded facts that the Defendant has sufficient minimum contacts with Florida to satisfy the Due Process Clause of the United States Constitution); (Doc. No. 6-1, at ¶¶ 8-10) (declaring that the services, payments, and demands for indemnity provided under the TSA occurred in South Carolina and Texas; not in Florida); see also *Venetian Salami Co. v. Parthenais*, 554 So. 2d 499, 502 (Fla. 1989) (stating that Florida long-arm jurisdiction requires sufficient jurisdictional allegations to bring the action within the ambit of Section 48.193 of the Florida Statutes, and sufficient minimum contacts to satisfy the Due Process Clause of the United States Constitution).

By the same token, this Court does not believe that the general grant of jurisdiction found in Section 727.102 of the Florida Statutes is sufficient to create personal jurisdiction where none otherwise exists. Compare Fla. Stat., § 727.102 ("All proceedings under this

chapter shall be subject to the order and supervision of the circuit court."), *with* Fla. Stat., § 727.110(2) (stating that supplemental proceedings are subject to the Florida Rules of Civil Procedure and, by extension, the Rules permitting a defendant to move to dismiss a complaint for lack of personal jurisdiction or for improper venue). Notably, unlike Federal Rule of Bankruptcy Procedure 7004(f), which authorizes nationwide service of process in cases related to bankruptcy, and Federal Rule of Civil Procedure 4(k)(1)(C), which allows a party to obtain personal jurisdiction over a defendant "when authorized by a federal statute," i.e. the Bankruptcy Code and Federal Rules of Bankruptcy Procedure, the Florida ABC statute lacks an independent basis for exercising personal jurisdiction over an out-of-state party. As a result, this Court doubts that a Florida court could properly exercise jurisdiction over the Defendant, much less that Florida policy militates against transferring the case to Texas.

Finally, it is important to note that the Florida ABC statute only empowers the Circuit Court to "[h]ear and determine" actions for "turnover," to "[d]etermine the validity, priority, and extent of a lien or other interests in assets of the estate," and to avoid fraudulent transfers. *See* Fla. Stat., § 727.109(8)(a)-(c) (2016). All other "supplemental proceedings," like the one at issue here, are merely required to be "brought" in the Circuit Court. Fla. Stat., § 727.110(1)(b). (2016). Once filed and docketed, however, there is no requirement that the supplemental proceeding remain before the Circuit Court. Rather, like in any other case, the Circuit Court would presumably be free to enforce any forum selection clause mandating transfer to a more appropriate jurisdiction. Since the parties clearly selected the federal courts of Texas as their preferred forum, and the Defendant admits it is subject to personal jurisdiction in the U.S. District Court for the Northern District

7

of Texas, the Motion to Dismiss will be **GRANTED IN PART AND DENIED IN PART**, as set forth below.

## IV. Conclusion

Accordingly, it is

**ORDERED** that the Motion to Remand is **DENIED**.

It is further **ORDERED** that the Motion to DISMISS is **GRANTED** as to the Defendant's request that the case be transferred to the U.S. District Court for the Northern District of Texas, and otherwise **DENIED**. The Clerk of Court is directed to **TRANSFER** this case to the U.S. District Court for the Northern District of Texas pursuant to 28 U.S.C. §§ 1406 & 1631, and to **CLOSE** this case and **TERMINATE** any pending motions.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida this 4th day of October, 2017.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record